## Kearney v. Borough of West Chester, Appellant.

*Easement—Right to use water—Prescription—Boroughs.*

As a borough may grant to a landowner a right to take water from a water pipe in consideration of the privilege granted to the borough to lay and maintain the water pipe through the land, such a right may be acquired by prescription, by the adverse, visible, open and continuous use for a period of twenty-one years. Such a right, however, will not prevent

the borough acting in good faith, and not with the purpose of defeating the landowner's rights, making such changes in its waterworks as will require the abandonment of the pipe in question.

Argued Feb. 11, 1901.    Appeal, No. 299, Jan. T., 1901, by defendant, from decree of C. P. Chester Co., No. 360, in equity on bill in equity, in case of George W. Kearney v. The Borough of West Chester.    Before MITCHELL, FELL, BROWN, MESTRE-ZAT and POTTER, JJ.    Affirmed.

Bill in equity for an injunction.

From the record it appeared that in 1854, the defendant erected waterworks on Chester creek and laid its pipes to a reservoir within the borough, through a farm, then owned by Susan Carpenter, who, entered into a written agreement with said borough, by which, for the consideration of $150, then paid, she granted it " the right and privilege to keep and maintain in good order and repair the iron pipes where they are now laid through the land of the said Susan Carpenter," etc.

At or about this time Miss Carpenter made connection with the borough pipes and conveyed the water to her dwelling house and barn.

For this use of the water she paid the borough rent in 1857, 1858 and 1859, and apparently under the name of Sarah Carpenter, as entered in the borough books, from 1854 to 1857.

In 1859, Susan Carpenter conveyed said farm to Gen. George A. McCall, and in 1869, the executors of Gen. McCall conveyed the same to Davis W. Entriken, under whom plaintiff derives title.

During the ownership of Gen. McCall, from 1859 to 1869, the property was untenanted and the borough water unused on the same.

From April 1, 1869, when Entriken went into possession, down to the summer of 1899, a period of over thirty years, the borough water was used at the house and barn, by all occupiers of said premises, continuously, uninterruptedly, without payment of rent or any demand being made for payment of the same, and with the knowledge and acquiescence of the borough authorities.

In the summer of 1899, the plaintiff first learned that the free use of the water, as a right appurtenant to his farm, was

questioned; when he received a note from the chief burgess, stating that his water rent was in arrear, and the supply would be cut off unless the same was paid. This resulted in the filing of this bill.

HEMPHILL, P. J., after stating the facts, said :

The agreement of October 16, 1854, considered in connection with the undisputed fact that Susan Carpenter during at least the last two or three years of her occupancy of the premises, paid rent for the water used thereon, proves conclusively that the user was not by grant from the borough for the right to lay, maintain and repair its pipes on her property, but was furnished upon rental, the same as to other consumers.

Has the plaintiff acquired a right to the free use of the water by prescription ?  This question must be answered by the answers to two others, viz : Can a right such as is here claimed be acquired against a municipality by prescription, and, does the evidence establish the prescriptive right claimed by the plaintiff ?

It will not, we think, be disputed that the borough could have granted a right appurtenant to this property of the free use of its water, in consideration of a privilege granted to it, to lay, maintain and repair its pipes over and through the same, and such a grant not being ultra vires, could as a logical sequence be acquired by adverse user ; for a prescriptive right presupposes a grant, evidence of which has by lapse of time, been lost or destroyed.

" That the statute of limitations runs against a county or other municipal corporation, we think cannot be doubted : " Evans v. Erie County, 66 Pa. 228.

And a right by prescription to an incorporeal hereditament may, by analogy to the statute of limitations, be acquired against such corporations by adverse user for twenty-one years.

The authorities cited to the contrary by the defendant, are not in point for they are cases where the right claimed was against the public, being encroachments upon the public highways or lands dedicated to public uses ; and it is well settled that "no title can be acquired against the public by user alone nor lost to the public by non-user : " Com. v. Moorehead, 118 Pa. 354, and cases there cited.

But in supplying its inhabitants with water the borough acts as would a private corporation engaged in like business—contracts with those desiring to use it—the general public having no rights or interests in the premises.

Does the evidence establish the prescriptive right claimed by the plaintiff?

To establish this right it was incumbent upon the plaintiff to prove that the use of the water was adverse, peaceable, open or notorious and continuous or uninterrupted, for a period of at least twenty-one years.

The uncontradicted evidence shows that the free use of the water on the property in question commenced in April, 1869, and continued until the summer of 1899—over thirty years—that during the whole of this period it was peaceable—the borough authorities acquiescing in its use—that it was also open or notorious, said authorities having knowledge of the use—and that it was continuous or uninterrupted.

Was it then adverse, or in other words, under a claim of right?

That it was by license or permission, or that any rent was paid, is not even alleged. On the contrary, Entriken, Evans and the plaintiff all used it as of right without question or seeking the permission of the borough, and Mr. Shaner, who for eighteen or twenty years was either the chief burgess, or a member of councils, testified that both Entriken and Evans claimed the right to the free use of the water, and that he advised the plaintiff when about to purchase that said right was appurtenant to the property.

We conclude, therefore, that the user was adverse, that the plaintiff has acquired by prescription the right to use the water, at the dwelling house and barn on said property, free of charge, and direct that a permanent injunction issue as prayed for.

*Error assigned* was the decree of the court.

*William S. Windle,* for appellant.—The grant presumed by the plaintiff is not one which the borough had authority to make.

If the supply of water be artificially created as well as the course in which it is made to flow, no property like that of a perpetual easement can be acquired in the water by the use thereof: Washburn's Easements and Servitudes (3d ed.), p. 386.

*A. Wanger* and *Thomas W. Pierce*, for appellee.—If there has been an uninterrupted, exclusive enjoyment, above twenty-one years, of water in any particular way, this affords a conclusive presumption of right in the party so enjoying it, and this is equal to a right by prescription : Strickler v. Todd, 10 S. & R. 68; Messinger's App., 109 Pa. 285 ; Evans v. Erie County, 66 Pa. 222.

Prescriptive rights may be acquired in artificial watercourses, under certain circumstances, though it may be said that the law, as to acquiring these rights, is not the same in all respects as it is to similar rights in natural streams : Washburn on Easements (3d ed.), 393.

The borough could have granted a right to the use of water to the complainant's premises, as an appurtenant thereto, upon consideration of the right to lay its pipe through the same. This would not have been beyond its powers, either before or after the act of 1885.   And a prescriptive right could likewise be acquired to the use of the water: Turner v. Fitchburg R. R. Co., 145 Mass. 433 ; Fitchburg R. R. Co. v. Frost, 147 Mass. 118.

Opinion by Mr. Justice Mitchell, May 27, 1901 :

The decree, so far as appears by the record, was entered in short, that an injunction be issued " as prayed for."   The argument of appellant implies that this would compel the borough to maintain the pipe through plaintiff's land in order that he might have a supply of water from it.   We do not see that such result is fairly deducible from the decree in connection with the prayer of the bill, but to avoid any question of that kind it may be well to say that while plaintiff has acquired a right to take water from the pipe as long as it flows, there is nothing in the case to show that he has a right to compel the maintenance of the pipe for his benefit.   If the borough in good faith, and not with the purpose to defeat the plaintiff's right, desires to make such changes in its waterworks as will require the abandonment of this pipe, there is nothing in this decree to prevent it from so doing.

With this supplementary explanation the decree is affirmed on the conclusions of law in the opinion of the court below.

Decree affirmed.